UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK HILTON MORGAN, JR. AND NANCY LAWSON MORGAN, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:18-CV-401 |
| TEXAS FARMERS INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## ORDER GRANTING SUMMARY JUDGMENT

Before the Court is a motion for summary judgment filed by Defendant Texas Farmers Insurance Company ("Defendant"). (D.E. 22). For the following reasons, Defendant's motion is **GRANTED**.

### I. Background

Plaintiffs Frank Hilton Morgan, Jr. and Nancy Lawson Morgan ("Plaintiffs") own property located at 504 Palm Drive, Port Aransas, Texas (the "Property"), which sustained flood damage when Hurricane Harvey made landfall in August 2017. (D.E. 24-1, p. 2). At the time Harvey hit, Plaintiffs' Property was insured against flood damage by a Standard Flood Insurance Policy ("SFIP") issued by Defendant in its capacity as a Write-Your-Own ("WYO") insurer. (D.E. 24-1, p. 2). The SFIP covered flood damage to the Property up to $350,00.00. (D.E. 24-1, p. 2; D.E. 22-2, p. 2).

After Plaintiffs notified Defendant of their flood insurance loss under the SFIP, Defendant hired an insurance adjuster to inspect the Property, prepare a damage estimate

and proof of loss form, and make adjustment recommendations. (D.E. 22, p. 7–8). Per the adjuster's recommendation, Defendant determined that the payable amount for the Property was $1,761.57 and issued payment. (D.E. 23, p. 7–8; D.E. 22-8). Plaintiffs disputed the adjuster's findings regarding foundation and interior damage, so Defendant hired a different inspector to investigate the claim. (D.E. 22, p. 8). The second inspector reported that it was not flood water that had caused the foundation and interior damage, but earth movement, which is not covered by Plaintiffs' SFIP policy. (D.E. 22, p. 9; D.E. 22-9, p. 11).

Plaintiffs subsequently retained an attorney, Thomas M. Furlow ("Furlow"), to handle their flood insurance claim. (D.E. 24-1, p. 3). Plaintiffs granted Furlow power of attorney as related to their flood insurance claim against Defendant. (D.E. 24-2).[1]

On August 28, 2018, Furlow, on behalf of Plaintiffs, submitted a proof of loss dated August 25, 2018,[2] to Defendant for additional payment, claiming the net amount of damages to the Property was $125,000.00. (D.E. 23-11, p. 1; D.E. 22, p. 9). On November 1, 2018, Plaintiffs filed this lawsuit against Defendant asserting a cause of action for breach of contract. (D.E. 1, p. 7). Plaintiffs assert that they are entitled to actual damages, all costs associated with recovering, repairing, and replacing the Property, and all costs, expenses,

---

[1] The issues raised in this motion are very similar to those raised in other cases before the Court that include proofs of loss submitted to Defendant by Furlow. Nonetheless, and despite the inevitable similarity in language, the Court again carefully considers the law and the parties' arguments.

[2] In Bulletin W-17030, the Federal Emergency Management Agency ("FEMA") extended the time for filing a proof of loss for Hurricane Harvey to one year after the loss. (D.E. 23-4, p. 2). Thus the proof of loss deadline in this case was August 25, 2018.

and relief allowed by law. (D.E. 1, p. 8). At the time of this Order, Plaintiffs are claiming Property damages of $117, 389.28. (D.E. 23-12, p. 4).

On December 16, 2019, Defendant filed this motion arguing that Plaintiffs are barred from asserting SFIP claims against Defendant because they did not file a compliant proof of loss. (D.E. 22, p. 10–20). Plaintiffs filed their response on January 6, 2020, (D.E. 24), and Defendant replied on January 13, 2020. (D.E. 25).

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). The party "seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and identifying those portions of the record that it believes "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the party seeking summary judgment does not have the burden of proof at trial, it need not produce evidence negating the existence of material fact but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden under Rule 56, the other party must "come forward with 'specific facts showing that there is a genuine issue [of material fact] for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting FED. R. CIV. P 56(e)). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material

facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

### III. Discussion

### A. The National Flood Insurance Act

The U.S. Government's National Flood Insurance Program ("NFIP") was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001–4129, to provide flood insurance with reasonable terms and conditions to those in flood-prone areas. The NFIP is administered by FEMA. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of an SFIP. 44 C.F.R. § 61.4(b); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). Although an SFIP can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Wright*, 415 F.3d at 386. Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced. *See Wright*, 415 F.3d at 387; *Gowland*, 143 F.3d at 954. With that

in mind, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Wright*, 415 F.3d at 388 (citing *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 63 (1984)).

## B. Compliance with SFIP Requirements

In the case of a flood loss to insured property, the insured must fulfill a list of requirements:

> 3. Prepare an inventory of damaged property *showing the quantity, description, actual cash value, and amount of loss*. Attach all bills, receipts, and related documents;
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> > a. The date and time of loss;
> > b. A brief explanation of how the loss happened;
> > c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> > d. Details of any other insurance that may cover the loss;
> > e. Changes in title or occupancy of the covered property during the term of the policy;
> > f. Specifications of damaged buildings *and detailed repair estimates*;
> > g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> > h. Details about who occupied any insured building at the time of loss and for what purpose; and
> > i. *The inventory of damaged personal property described in J.3. above.*
>
> 5. In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.
>
> . . .
>
> You may not sue us to recover money under this policy unless you have complied with *all* the requirements of the policy.

44 C.F.R. pt. 61, App. A(1), Art. VII(J)(3)–(5), VII(R) (emphasis added); *see Gowland,*

143 F.3d at 954 ("[W]e hold that an insured's failure to provide a complete, sworn proof

of loss statement, as required by the flood insurance policy, relieves the federal insurer's

obligation to pay what otherwise might be a valid claim."). In a similar vein, SFIP

provisions cannot "be altered, varied, or waived other than by the express written consent

of the Federal Insurance Administrator." 44 C.F.R. § 61.13(d); *Gowland,* 143 F.3d at 953.

Defendant maintains that Plaintiffs' proof of loss did not comply with SFIP

requirements to include an "inventory of the damaged property showing the quantity,

description, actual cash value, and amount of loss" and "specifications of damaged

buildings and detailed repair estimates." (D.E. 22, p. 17-18).[3] Plaintiffs do not contest the

fact that no documents were submitted with the proof of loss, but they argue that they

properly supplemented their proof of loss at a later date. (D.E. 24-1, p. 9). Such

supplementation, Plaintiffs argue, is permitted at any point. (D.E. 26-1, p. 9).

First, the Court addresses Plaintiffs' argument that the proof of loss was properly

supplemented. Without citing any case law, Plaintiffs maintain that they may, under no

deadline, supplement their proof of loss at any time because the proof of loss includes the

clause: "Any other information that may be required will be furnished and considered as

part of this proof." (D.E. 24-1, p. 8–9; D.E. 23-11). Plaintiffs' contention that there is no

submission deadline for the documents required with a proof of loss fails because the SFIP

---

[3] Defendant also independently moves for summary judgment on the basis that the proof of loss was not properly signed and sworn to by Plaintiffs and that the claim fails for substantive reasons. (D.E. 22, p. 10, 20). The Court declines to rule on those issues because they do not impact the outcome of this Order.

does indeed set deadlines, and actual and complete compliance with those deadlines is required. *See Gowland*, 143 F.3d at 954 (holding that substantial compliance with proof of loss requirement is not enough). To be sure, the SFIP gives a specific deadline of sixty days from the time of the loss to file a compliant proof of loss, which Bulletin W-17030 extended to one year. 44 C.F.R. pt. 61, App. A(1), Art. VII(J)(4); (D.E. 22-4, p. 2). The SFIP also states that the insured cannot sue "unless [they] have complied with all the requirements of the policy." 44 C.F.R. pt. 61, App. A(1), Art. VII(R). Without deciding under what circumstances, if any, a proof of loss may be supplemented, the Court determines that these two deadlines—the time since the loss to provide a proof of loss and the total compliance before bringing suit—will not be read out of the policy by this Court, whose Circuit instructs it to strictly follow the policy. *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998) ("[S]trict adherence is required to all terms of the SFIP.").

As a result, the Court next looks to the documentation Plaintiffs included with their proof of loss to determine if it is properly supported as required by Article VII(J). Plaintiffs submitted no supporting documents with their proof of loss. Plaintiffs do not defend the sufficiency of their proof of loss but instead argue that through discovery mandated by the Federal Rules of Civil Procedure in this case, Plaintiffs have provided Defendant with enough documentation for Defendant to choose to deny or pay their claim. (D.E. 24-1, p. 10). Plaintiffs rely upon: (1) a line-item estimate of damage to the Property that they produced to Defendant with their initial disclosures, and (2) in their response to Defendants interrogatories and requests for production, a list of each individual who performed work at the Property since the loss with details on the work and payments made. (D.E. 24-1, p.

10; D.E. 22-13, p. 3–4). But the line-item estimate was not calculated until September 5, 2018—eleven days after the August 25, 2018 deadline to file the proof of loss, and, significantly, not provided to Defendant until April 5, 2019—over five months after the filing of the lawsuit. (D.E. 22-12, p. 5–6). Moreover, the list of each individual who performed work at the Property was not provided to Defendant until May 3, 2019. (D.E. 22-13). As such, the line-item estimate and the details included in the response to Defendant's interrogatories and requests for production are untimely and will not be considered as part of the proof of loss's supporting documentation.

Accordingly, Plaintiffs' proof of loss does not comply with Article VII(J)(3)–(4) of the SFIP because it is not supported by an inventory of the damaged property showing actual cash value, amount of loss, or any specifications mandated under Article VII(J)(3)–(4). *See Constr. Funding, LLC v. Fid. Nat'l Indem. Ins. Co.*, 636 F. App'x 207, 210 (5th Cir. 2016) (per curiam) ("[Plaintiff]'s failure to substantiate and justify the amount of its claim is failure to comply with Article VII(J) of the SFIP"). Therefore, Defendant has carried its burden to show that there is no genuine issue of material fact because Plaintiffs are not entitled to assert claims against Defendant for additional SFIP benefits. Plaintiffs did not sufficiently refute Defendant's sworn statements and establish that they complied with Article VII(J)(3)–(4) of the SFIP by providing Defendant with a proof of loss supported by proper documentation prior to filing suit. Accordingly, Plaintiffs are barred from asserting SFIP claims against Defendant, and Defendant is entitled to judgment as a matter of law.

## IV. Conclusion

Defendant's motion for summary judgment (D.E. 22) is **GRANTED**, and Plaintiffs' claims against Defendant are **DISMISSED**.

SIGNED and ORDERED this ____ day of February 2020.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE